# UNITED STATES v. FARMERS UNION LIVESTOCK COMMISSION CO.

## No. 11635.

Circuit Court of Appeals, Eighth Circuit.
March 25, 1940.

P. W. Lanier, U. S. Atty., of Fargo, N. D. (Mart R. Vogel, Asst. U. S. Atty., of Minot, N. D., on the brief), for appellant.

Howard G. Fuller, of Fargo, N. D. (Fuller & Powers, of Fargo, N. D., on the brief), for appellee.

Before SANBORN, THOMAS, and VAN VALKENBURGH, Circuit Judges.

PER CURIAM.

The United States, which was the plaintiff in the court below, has appealed from a judgment entered upon a directed verdict in a suit for the alleged conversion of cattle sold by the defendant, a commission merchant of West Fargo, North Dakota, for the account of a North Dakota farmer, who had previously mortgaged the cattle to the Administrator of the Resettlement Administration of the United States. The defendant contended that the chattel mortgage in suit contained the implied consent of the mortgagee to the sale of the cattle by the mortgagor, and that therefore the mortgagee had waived his lien. Upon that ground, the court, at the close of the evidence, directed a verdict for the defendant.

It is conceded that if the mortgage did not contain the consent of the mortgagee that the mortgagor might sell the mortgaged cattle, the judgment should be reversed and the case remanded for a new trial.

The mortgage contains the following pertinent provisions:

"It is expressly understood and agreed by and between the parties hereto that, to the extent permitted by law, any and all increase in, including all wool and mohair now on or that may hereafter grow upon or be sheared from sheep or goats mortgaged hereunder, and any and all replacements of or additions to the livestock described herein * * * shall be subject to this mortgage.

\*    \*    \*    \*    \*    \*

"The Mortgagor Agrees That:

"(1) He will properly care for the aforesaid property and will not sell, remove, or encumber the property herein mortgaged or permit others to do so without the written consent of the mortgagee."

The defendant argues that the provision extending the mortgage lien to "replacements" impliedly authorized the making of replacements, and hence authorized the making of sales of mortgaged cattle for the purpose of replacement, and therefore constituted a waiver of the mortgage lien upon all mortgaged cattle sold.

It is our opinion that the language of the provision in the mortgage referring to replacements, when read in connection with the language of the provision whereby the mortgagor agreed not to sell any of the mortgaged cattle without the written consent of the mortgagee, is not reasonably susceptible of the interpretation which the defendant and the court below placed upon it. In view of the expressed intention of the parties that the mortgaged cattle should not be sold without the written consent of the mortgagee, it seems clear that the word "replacements" was intended to cover cattle acquired by the mortgagor to replace such of the mortgaged cattle as might die, be lost or stolen, or be sold with the written consent of the mortgagee. The language of the mortgage upon which the defendant relies does not indicate any intention on

the part of the mortgagee to authorize the mortgagor to sell the mortgaged livestock for replacement without the mortgagee's written consent.

The judgment appealed from is reversed and the case remanded for a new trial.